UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EWIN OSCAR MARTINEZ,<br><br>               Petitioner,<br><br>vs.<br><br>J.L. NORWOOD, WARDEN,<br><br>               Respondent. | ) Case No. CV 08-5877-SVW(RC)<br>)<br>)<br>) OPINION AND ORDER<br>)<br>)<br>)<br>)<br>) |

On September 9, 2008, petitioner Ewin Oscar Martinez, a federal inmate confined in this judicial district, filed a purported petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his sentence under <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).[1]

---

[1] This Court takes judicial notice under Fed. R. Evid. 201 of two prior actions petitioner has brought in this district court: (1) On May 21, 2007, petitioner filed his first purported habeas corpus petition under Section 2241 challenging his sentence under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). <u>See</u> <u>Martinez v. United States of America</u>, case no. CV 07-3324-SVW(RC) ("Martinez I"). This Court determined Martinez I was a motion under 28 U.S.C. § 2255 and transferred it to the Southern

**BACKGROUND**

On September 22, 2000, in United States District Court for the Southern District of Florida case no. 00-CR-00001-JAL,[2] Judgment was entered convicting petitioner of "hostage taking and conspiracy to commit hostage taking in violation of the Hostage Taking Act, 18 U.S.C. § 1203, carjacking and conspiracy to commit carjacking in violation of 18 U.S.C. §§ 371, 2119(2) and [for] using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)." United States v. Ferreira, 275 F.3d 1020, 1022 (11th Cir. 2001), cert. denied, 535 U.S. 977 (2002). The petitioner was sentenced to life in prison. Id. The Eleventh Circuit Court of Appeals affirmed petitioner's convictions and sentence in a published decision filed December 11, 2001. Id.

On December 17, 2002, in United States District Court for the Southern District of Florida case no. 02-CV-23561-JAL,[3] petitioner

---

District of Florida. The petitioner attempted to appeal the order transferring Martinez I to the Southern District of Florida, but the Ninth Circuit dismissed the attempted appeal as improper. See Martinez v. United States of America, case no. 07-55844. (2) On August 27, 2007, petitioner filed his second purported habeas corpus petition under Section 2241, again challenging his sentence under *Apprendi* and *Blakely*. Martinez v. Norwood, case no. CV 07-5584-SVW(RC) ("Martinez II"). This Court determined Martinez II was also a motion under Section 2255 and transferred it to the Southern District of Florida.

[2] The Court takes judicial notice, pursuant to Fed. R. Evid. 201, of the docket sheet in Southern District of Florida case no. 00-CR-00001-JAL. Many of the historical procedural facts set forth are taken from this docket sheet.

[3] The Court takes judicial notice, pursuant to Fed. R. Evid. 201, of the docket sheet in Southern District of Florida case no. 02-CV-23561-JAL.

filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, citing *Apprendi*, and on February 1, 2006, Judgment was entered denying petitioner's motion under Section 2255. On February 13, 2006, petitioner filed a notice of appeal; however, both the district court and the Eleventh Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

On or about March 21, 2007, petitioner filed a motion under Fed. R. Civ. P. 60(b) to vacate judgment adverse to petitioner's habeas, which the district court treated as a second or successive motion under Section 2255 and dismissed for lack of subject matter jurisdiction on April 12, 2007. The petitioner filed a notice of appeal in the Eleventh Circuit Court of Appeals, which upheld the district court's determination that petitioner had filed a successive petition and affirmed the Judgment. In so doing, the Eleventh Circuit noted the motion raised the same *Apprendi* claim petitioner had previously raised in his unsuccessful Section 2255 motion.

### DISCUSSION

The Court, having reviewed the pending petition, has determined it is another motion to vacate, set aside or correct petitioner's sentence under 28 U.S.C. § 2255, rather than a habeas corpus petition under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). In making this determination, the Court has considered whether the pending action comes within Section 2255's "savings clause," and, for the reasons discussed below, has

determined it does not.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), cert. denied, 127 S. Ct. 1896 (2007); Harrison v. Ollison, 519 F.3d 952, 955-56 (9th Cir. 2008). There is an exception to this general rule, however, known as the "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"[4] Harrison, 519 F.3d at 956; Stephens, 464 F.3d at 897. The petitioner has the burden of demonstrating Section 2255 is "inadequate or ineffective." Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). However, "the ban on unauthorized second or successive petitions does not per se make a § 2255 'inadequate or ineffective.'" Stephens, 464 F.3d at 898 (citation and internal quotation marks omitted); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). Here, petitioner does not explain why he did not, or could not, attempt to obtain authorization from the Eleventh Circuit to file a second or successive motion under Section

---

[4] "[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Harrison, 519 F.3d at 959 (citation omitted); Stephens, 464 F.3d at 898. Here, petitioner does not, and cannot, claim "actual innocence."

4

1  2255 raising a *Cunningham* claim.  Thus, petitioner has failed to show
2  his remedy under Section 2255 is "inadequate or ineffective" and he
3  cannot invoke the "savings clause" to proceed under Section 2241.

5     Since the pending action is a motion to vacate sentence under 28
6  U.S.C. § 2255, and not a habeas corpus petition under Section 2241,
7  this Court does not have jurisdiction to consider petitioner's motion.
8  <u>See</u> 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a
9  court established by Act of Congress claiming the right to be released
10 upon the ground that the sentence was imposed in violation of the
11 Constitution or laws of the United States, or that the court was
12 without jurisdiction to impose such sentence, or that the sentence was
13 in excess of the maximum authorized by law, or is otherwise subject to
14 collateral attack, may move **the court which imposed the sentence** to
15 vacate, set aside or correct the sentence." (emphasis added)).  This
16 Court advised petitioner in both Martinez I and Martinez II that the
17 Southern District of Florida is the only proper forum for a Section
18 2255 motion; yet, petitioner has again filed in this district court.
19 Thus, this Court declines to exercise its discretion to transfer this
20 action to the Southern District of Florida, 28 U.S.C. § 1631, and
21 instead dismisses this action without prejudice for lack of
22 jurisdiction.  <u>Stephens</u>, 464 F.3d at 899.

### ORDER

25    IT IS HEREBY ORDERED that the pending action be construed as a
26 motion to vacate, set aside or correct the sentence under 28 U.S.C.
27 //
28 //

5

§ 2255 and, as such, Judgment should be entered dismissing the action without prejudice for lack of jurisdiction.

DATE: <u>October 28, 2008</u>

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE:   <u>Sept. 16, 2008</u>

 /S/ ROSALYN M. CHAPMAN
     ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\08-5877.mdo
9/15/08

6